FILED

**NOT FOR PUBLICATION**

OCT 23 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILLIP C. COLLICOTT,

Plaintiff - Appellant,

v.

SNAKE RIVER DEPARTMENT OF CORRECTIONS ADMINISTRATION; et al.,

Defendants - Appellees.

No. 14-35272

D.C. No. 2:12-cv-01443-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 14, 2015[**]

Before:      SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Oregon state prisoner Phillip C. Collicott appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising from a disciplinary hearing.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on Collicott's due process claims premised on his disciplinary proceedings because Collicott failed to raise a genuine dispute of material fact as to whether he received the proper procedural safeguards, and whether some evidence supported the hearing officer's findings. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (setting forth due process requirements during a prison disciplinary proceeding); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

The district court properly granted summary judgment on Collicott's due process claims regarding reduction in his incentive-level classification and compensation for his work because Collicott failed to raise a genuine dispute of material fact as to whether these actions were imposed as discipline for the offense found. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life").

The district court properly granted summary judgment on Collicott's equal protection claim because Collicott failed to raise a genuine dispute of material fact as to whether he was intentionally and without a rational basis treated differently than any similarly situated inmate. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of equal protection claim).

The district court did not abuse its discretion in denying Collicott's motion for appointment of counsel because Collicott failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**